UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                      **ORDER**
                        Criminal File No. 11-87 (MJD/JJK)

(1) JULIAN OKEAYAINNEH,
(4) NANA OSEI-TUTU,
(6) FATA LEETA SARNOR DAVID, and
(9) OLUGBENGA TEMIDAGO ADENIRAN,

        Defendant.

Ann M. Anaya and Lola Velazquez-Aguilu, Assistant United States Attorneys, Counsel for Plaintiff.

Jean M. Brandl, Cloutier & Brandl, P.A., Counsel for Defendant Okeayainneh.

Glenn P. Bruder, Mitchell Bruder & Johnson, Counsel for Defendant Osei-Tutu.

Myles A. Schneider, Myles A. Schneider & Associates, Ltd., Counsel for Defendant David.

Daniel Mohs, Law Office of Daniel Mohs, Counsel for Defendant Adeniran.

**I.**      **Introduction**

This matter is before the Court on the parties' motions in limine. Trial is set to start on Tuesday, February 7, 2012. The Court heard oral argument on the motions in limine on January 20, 2012.

## II.     Motion in Limine of Defendant Fata Leeta Sarnor David [528]

### A.     Motion to Sequester Witnesses

Defendant requests that all Government witnesses be sequestered. Defendant and the Government have come to an agreement that all Government witnesses will be sequestered except for the Government's case agents, Special Agent Michael Olson and Special Agent James Shoup. Therefore, Defendant's motion is granted as follows: All Government witnesses shall be sequestered during trial except for Government case agents Olson and Shoup.

### B.     Motion to Exclude Evidence not Disclosed to Defendant Before November 17, 2011

Defendant David asserts that the Government has not been forthcoming with the production of discovery. The Government has complied with the Federal Rule of Criminal Procedure 16 and the Court's discovery orders. There is no allegation that the Government has failed to comply with <u>Brady</u> and <u>Giglio</u> or any other constitutional requirement, statutory requirement, or disclosure rule. Defendant's motion is denied.

**C.     Motion to Preclude Co-Conspirator Statements**

Defendant David argues that the Court must carefully review any out-of-court statements by co-conspirators that the Government seeks to admit at trial before they are admitted.  This motion is denied as premature.  The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of co-conspirator statements.

**D.     Motion to Admit Evidence of Prior Bad Acts by Jonathan Sie Earley**

Defendant David seeks to admit the following prior bad acts of witness Jonathan Sie Earley:

1. August 7, 1999 Offering a Forged Check conviction

2. August 7, 1999 Driving While Intoxicated conviction

3. May 22, 2001 Issuing a Dishonored Check conviction

4. December 19, 2001 Issuing a Dishonored Check conviction

5. July 26, 2006 Insurance Fraud charge

6. August 3, 2006 Identity Theft charge

7. October 20, 2010 Theft by Swindle complaint

Convictions 1, 3, and 4 will be admissible under Federal Rule of Evidence 609, if, before admission, Defendant provides a certified copy of conviction.  As

3

to these three convictions for crimes of dishonesty, although a period of more than 10 years has elapsed since the date of conviction or release from confinement, the Court determines that the probative value of the conviction substantially outweighs its prejudicial effect.  Fed. R. Evid. 609(b).

Conviction 2 is not admissible.  This conviction is more than ten years old and does not involve a crime of dishonesty.  The prejudicial effect of this conviction outweighs the probative value of the conviction and the circumstances surrounding the arrest and conviction.

Charges 5, 6, and 7 are not admissible.  These three alleged crimes are merely charges, not convictions.  The Court concludes that the probative value of these charges is low, while the potential for unfair prejudice is high.

### III.  Defendant Nana Osei-Tutu's Motions in Limine [529]

#### A.  Motion to Preclude Statements by Co-Defendants Charles Amankwah Akuffo and Olapido Sowumi Coker

Defendant requests that the Court preclude admission of any statements by co-Defendants Charles Amankwah Akuffo or Olapido Sowumi Coker to police that implicate Defendant Osei-Tutu in criminal transactions.  The record does not contain the circumstances or contents of these statements.  Therefore, this motion is premature.  This motion is reserved.

### B. Motion to Preclude Use of Statements of Unavailable Witnesses

Defendant asks that the Court preclude the use at trial of any statement made by any person unavailable for cross examination by Defendant. Defendant points to no particular statements. This motion is denied as premature. The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of statements by unavailable witnesses.

### C. Motion to Prohibit Testimony Interpreting Surveillance Tapes from October 2010

Defendant asks for an order prohibiting law enforcement agents from offering any testimony explaining or interpreting any portions of surveillance tapes containing conversations between Osei-Tutu and Coker or Akuffo in October 2010. The record does not contain the context or contents for these conversations. The Court reserves ruling on this issue.

## IV. Government's Motion in Limine Concerning Admission of Evidence Under Federal Rules of Evid. 404(b) and 609 [536]

The Government moves to introduce evidence of Defendant Okeayainneh's prior convictions under Federal Rule of Evidence 404(b). Specifically, on December 20, 2002, a jury found Defendant guilty of fraud and related activity in connection with means of identifications in violation of 18

U.S.C. § 1028(a)(7).  On March 6, 2003, Defendant was sentenced to 15 months in prison and one year supervised release.

On October 31, 2002, Defendant pled guilty in California state court to two counts of fraudulent use of access cards in violation of California Penal Code section 484G(a), based on attempting to rent a car from Thrifty Car Rental using false driver's license and fraudulent credit card.  During Defendant's arrest police officers recovered false driver's licenses and credit cards from the defendant.  Defendant was sentenced to 24 months probation and ordered to pay restitution to the victims.

The Government also moves to introduce evidence of Defendant Adeniran's prior convictions under Federal Rule of Evidence 404(b).  Specifically, on May 20, 2010, Adeniran pled guilty in Hennepin County to identity theft in violation of Minnesota law.  He was arrested on January 7, 2010 in Edina after engaging in identity theft and credit card fraud at Southdale Mall.  He was sentenced to 13 months in prison, with a stay of execution.

### 1. Federal Rule of Evidence 404(b)

Evidence of other crimes is admissible under Rule 404(b) if it is

> (1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence;

6

and (4) if the potential prejudice does not substantially outweigh its probative value.

United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005) (citations omitted).

Here, evidence of Defendants' past convictions is relevant to Defendants' knowledge, intent, and absence of mistake.  See, e.g., United States v. Dugan, 150 F.3d 865, 867 (8th Cir. 1998).  Fraudulent intent is an essential element of Defendants' bank fraud and identity theft charges.  "Where intent is an element of the crimes charged, evidence of other acts tending to establish that element is generally admissible."  United States v. Adams, 898 F.2d 1310, 1312 (8th Cir. 1989) (citation omitted).

Although Defendant Okeayainneh generally claims that he will not place his state of mind at issue, when a defendant's "defense at trial consist[s] of a general denial, [he] places[s] his state of mind at issue."  United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002).

The evidence of these convictions is similar in kind and reasonably close in time to the current charges.  "[T]here is no fixed period within which the prior acts must have occurred."  United States v. Banker, 82 F.3d 273, 276 (8th Cir. 1996).  Here, the indictment charges a conspiracy beginning in 2006 and ending around March 2011.  The prior offenses are close to or within the time frame of

7

the charged conspiracy.  Also, the prior acts are almost identical to the current charges.

Based on the Government's offer of proof, it will be able to prove the prior convictions by a preponderance of the evidence through certified copies of convictions and the testimony of the officers involved.  See United States v. Ruiz-Estrada, 312 F.3d 398, 403-04 (8th Cir. 2002) ("The government offered sufficient reliable evidence of the 1998 conviction in the form of a certified copy of the criminal complaint and a warrant of commitment.").

The potential prejudice of admission of the convictions does not substantially outweigh their probative value.  Defendants' intent and knowledge will be central to the trial.

### 2. Use of the Convictions for Impeachment

If either Defendant testifies at trial, the prior convictions will be admissible as impeachment evidence, so long as the Government produces certified copies of the convictions.  See Fed. R. Evid. 609(a)(2) (providing that, if defendant testifies, evidence of his prior conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving-- or the witness's admitting--a dishonest act or false statement").

## V. Government's Motion in Limine Concerning Admission of Conspirator Statements [537]

The Government moves to introduce statements made by non-testifying co-Defendant and co-conspirator Fawsiyo Farah and, in particular, a recorded conversation between a confidential informant and Farah from February 10, 2011. The record does not currently contain the contents or context of this statement, so the Court will reserve ruling on the Government's motion. However, as to Defendants' objections, the Court notes that statements that meet the co-conspirator exception do not violate the confrontation clause. See United States v. Alcantar, 271 F.3d 731, 739 (8th Cir. 2001).

## VI. Government's Motion in Limine Concerning Admission of Evidence under Federal Rules of Evidence 104(a), 803(6), and 902(11) [538]

The Government requests a pretrial ruling under Federal Rule of Evidence 104(a) that certified business records will be admissible at trial. The Government provided notice to defense counsel on December 20 and 27, 2011, that it intended to introduce particular business records, from twenty nine banks and other companies, under Federal Rules of Evidence 803(6) and 902(11). It has provided copies of the business records it seeks to introduce to defense counsel and has provided the certifications as they have become available.

Rule 902(11) provides that certified domestic records of regularly conducted activities can be self-authenticating and, therefore, admissible under Rule 803(6), the hearsay exception, if accompanied by a written declaration from a records custodian or other qualified person certifying the records:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> * * *
>
> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Defendants have not provided any specific objections to particular documents to the Court.  Defendants have raised a general objection under the confrontation clause.  The Court rejects this general objection.  Custodian of business records evidence that properly fits under Rules 803(6) and 902(11) is non-testimonial and the confrontation clause is not implicated.  See United States v. Ali, 616 F.3d 745, 752 (8th Cir. 2010).

The Government's motion is preliminarily granted. However, during oral argument, certain Defendants indicated that they might have a specific objection to specific documents, such as that particular documents are not relevant or do not fit under Rules 803(6) and 902(11). Defendants are directed to examine the business records at issue. If a Defendant has a specific objection to admission of a specific document, that objection must be filed with the Court by Thursday, January 26, 2012. The Court will rule on these specific objections.

**VII.   Government's Motion in Limine Concerning Admission of Defendant's Proffer Statements [544]**

The Government moves to introduce statements made by Okeayainneh during a January 18, 2011 proffer session.

After he was indicted, Okeayainneh and his defense counsel met with federal agents and an AUSA on January 18, 2011 to give a proffer. Before the session, a January 18, 2011, proffer letter was provided to Defendant which included the requirement that Defendant would "respond truthfully and completely to any and all questions or inquiries that may be put to you at the meeting." The letter further warned that

> if the government should ever conclude that you knowingly withheld material information from the government or otherwise not been completely truthful and candid, the government may use

11

against you for any purpose, including sentencing, any statements made or other information provided by you during the meeting. If the government so concludes, it will notify you before making any use of such statements or other information.

Defendant reviewed the proffer letter with his counsel, and the AUSA also reviewed the terms with Defendant. Then, Defendant signed the letter, agreeing

I . . . have read the agreement contained in this letter and have carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willingly agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained or referenced in this letter. I am satisfied with the representation of my attorney in this matter.

Transcripts of telephone calls involving Defendant demonstrate that, before Defendant signed the proffer agreement, he had already decided to make material false statements and withhold material information during the proffer to attempt to obstruct the investigation and prosecution of the case. Beginning on January 14, 2011, Defendant planned to falsely name co-conspirators when he proffered, including people who were dead or had disappeared so that he could provide a dead end. On January 15, an unknown male told Defendant the information on the three people who had disappeared – David Otobo/Odobo, Stanley Omeze, and Uzoma Ezewuru – so that Defendant could let the Government "go on the wild goose . . . themselves." During the January 18

proffer, Defendant then provided the Government with the names of Otobo, Omeze, and Ezewuru and provided the telephone numbers for Otobo and Omeze that were given during the recorded telephone call. He did not mention that they were dead or missing.

The Government is permitted to introduce as evidence at trial of a defendant's incriminating statements made during a proffer session if the defendant breached the express terms of the proffer agreement by providing material false information during the proffer. See, e.g., United States v. Hyles, 521 F.3d 946, 953-54 (8th Cir. 2008); United States v. Reed, 272 F.3d 950, 954-55 (7th Cir. 2001). Here, the express terms of the proffer agreement were clear and unambiguous. It specifically provided that, if the defendant was not truthful and/or knowingly withheld material information from the government, the Government would be entitled to use the defendant's statements against him for any purpose. Defendant explicitly agreed to the terms of the proffer letter. Defendant then plotted before the proffer to provide false and misleading information to attempt to thwart the Government's investigation, and, in fact, during the proffer provided this misleading information. The entire proffer statement is admissible.

**VIII. Defendant Julian Okeayainneh's Motions in Limine [547]**

    **A.    Preclusion of Written Exhibits via Certificates of Authenticity**

Defendant Okeayainneh objects to the Government's attempt to introduce bank and business records through certificates of authenticity because he claims it violates his right to confrontation under the Sixth Amendment.

Defendant's general motion to exclude is denied. As the Court held with regard to the Government's Motion in Limine Concerning Admission of Evidence under Federal Rules of Evidence 104(a), 803(6), and 902(11), if Defendant has a specific objection to a specific document accompanying the certificates of authenticity, he must file his objection with the Court by Thursday, January 26, 2012.

    **B.    Preclusion of Statements by Witnesses Who Are Unavailable to Testify**

Defendant argues that, generally, all witness or co-defendant statements are inadmissible at trial if the witness or co-defendant is unavailable. Defendant does not direct the Court to any particular statement or witness. This general motion is denied. The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of statements by witnesses who are unavailable.

C.   **Preclusion of Jury Instructions**

Defendant objects to any proposed jury instruction that is not an Eighth Circuit Model Jury Instruction. The Court reserves ruling on the final jury instructions until the charge conference during trial.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1.  The Motion in Limine of Defendant Fata Leeta Sarnor David [528] is **GRANTED** in part and **DENIED** in part as follows

    a.  Defendant's Motion to Sequester Witnesses is **GRANTED** as follows: All Government witnesses shall be sequestered during trial except for Government case agents Olson and Shoup.

    b.  Defendant's Motion to Exclude Evidence not Disclosed to Defendant Before November 17, 2011 is **DENIED**.

    c.  Defendant's Motion to Preclude Co-Conspirator Statements is **DENIED**. The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of co-conspirator statements.

    d.  Defendant's Motion to Admit Evidence of Prior Bad Acts by Jonathan Sie Earley is **GRANTED** as to the August 7, 1999 Offering a Forged Check conviction; the May 22, 2001 Issuing a Dishonored Check conviction, and the December 19, 2001 Issuing a Dishonored Check conviction, but only if Defendant produces a certified copy of each conviction prior to its admission at trial. The motion is **DENIED** as to the August 7, 1999 Driving While Intoxicated conviction; the July 26, 2006

    Insurance Fraud charge; the August 3, 2006 Identity Theft charge; and the October 20, 2010 Theft by Swindle complaint.

2. Defendant Nana Osei-Tutu's Motions in Limine [529] are **RESERVED** in part and **DENIED** in part as follows:

   a. The Motion to Preclude Statements by Co-Defendants Charles Amankwah Akuffo and Olapido Sowumi Coker is **RESERVED**.

   b. The Motion to Preclude Use of Statements of Unavailable Witnesses is **DENIED**. The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of statements of unavailable witnesses.

   c. The Motion to Prohibit Testimony Interpreting Surveillance Tapes from October 2010 is **RESERVED**.

3. Government's Motion in Limine Concerning Admission of Evidence Under Federal Rules of Evid. 404(b) and 609 [536] is **GRANTED**.

4. Government's Motion in Limine Concerning Admission of Conspirator Statements [537] is **RESERVED**.

5. Government's Motion in Limine Concerning Admission of Evidence under Federal Rules of Evidence 104(a), 803(6), and 902(11) [538] is preliminarily **GRANTED**. If a Defendant has a specific objection to admission of a specific document, that objection must be filed with the Court by Thursday, January 26, 2012.

6. Government's Motion in Limine Concerning Admission of Defendant's Proffer Statements [544] is **GRANTED**.

7. Defendant Julian Okeayainneh's Motions in Limine [547] are **DENIED** in part and **RESERVED** in part as follows:

16

      a.      The Motion for Preclusion of Written Exhibits via Certificates of Authenticity is **DENIED**. If Defendant has a specific objection to admission of a specific document, that objection must be filed with the Court by Thursday, January 26, 2012.

      b.      The Motion for Preclusion of Statements by Witnesses Who Are Unavailable to Testify is **DENIED**. The Court will follow the Federal Rules of Evidence and the applicable case law during trial with regard to the admission of statements by witnesses who are unavailable.

      c.      The Motion for Preclusion of Jury Instructions is **RESERVED**.

Dated: January 23, 2012              s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court